WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Timothy Munderloh, et al., | No. CV-21-08004-PCT-GMS |
| Plaintiffs, | **ORDER** |
| v. | |
| Biegler GmbH, et al., | |
| Defendants. | |

Pending before the Court is Biegler GmbH's ("Defendant Biegler") Motion for Reconsideration of the Court's March 28, 2022 Order Denying Motion to Dismiss (ECF #52) (Doc. 57.) For the reasons below, Defendant Biegler's Motion is denied.

**BACKGROUND**

The factual allegations are recited in detail in the Court's prior order (Doc. 52.) After Timothy Munderloh, Travis Stiegler, and Munderloh Medical Inc. (collectively "Plaintiffs") filed their complaint (Doc. 1), Defendant Biegler filed Motions to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6) (Doc. 33). The Court denied both Motions, holding that the Court could exercise personal jurisdiction over Defendant Biegler pursuant to Federal Rule of Civil Procedure 4(k)(2) and that the Complaint plausibly alleged violations of the Racketeer Influenced and Corrupt Organizations Act and state-law fraud claims. (Doc. 52.) Defendant Biegler then requested reconsideration of the Court's finding on personal jurisdiction. (Doc. 56.) The

Court denied Defendant Biegler's Motion in part but allowed Plaintiffs to respond to its arguments regarding but-for causation.  (Doc. 58.)  The Court now considers whether Defendant Biegler's contacts with the United States are sufficient to create specific personal jurisdiction under Federal Rule of Civil Procedure 4(k)(2).

## DISCUSSION

Defendant Biegler questions the continuing validity of the Ninth Circuit's but-for test in deciding the existence or non-existence of personal jurisdiction.  (Doc. 60 at 3–4.)  In *Shute v. Carnival Cruise Lines*, the Ninth Circuit applied the but-for test to determine whether the defendant's contacts with the forum "caused" the plaintiff's injuries—whether the plaintiff's injuries would have occurred but for the defendant's conduct in the forum.  897 F.2d 377 (9th Cir. 1990).  The U.S. Supreme Court overturned the Ninth Circuit's decision without reaching the jurisdictional question. *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585 (1991).  Since then, the Ninth Circuit has expressed doubt as to whether the but-for test survives. *Omeluk v. Langsten Slip & Batbyggeri A/S*, 52 F.3d 267, 271–72 (9th Cir. 1995) ("The authority of our decision in *Shute* is questionable. . . . Because of the posture of the Court's reversal of *Shute*, it is not clear whether the 'but for' test survives."). Despite the language in *Omeluk*, however, Ninth Circuit panels continue to apply the but-for test.  *E.g.*, *Ballard v. Savage*, 65 F.3d 1495, 1500 (9th Cir. 1995) ("Although the Supreme Court reversed the Ninth Circuit's decision in *Shute*, it did not reject the 'but for' test.  It appears that the test has survived."); *Doe v. Am. Nat'l Red Cross*, 112 F.3d 1048, 1051 & n.7 (9th Cir. 1997) ("[T]he 'but for' test is still employed in determining whether a plaintiff's injuries arose out of a defendant's forum-related activities."); *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1322 (9th Cir. 1998); *Myers v. Bennett L. Offs.*, 238 F.3d 1068, 1075 (9th Cir. 2001); *Harris Rutsky & Co. Ins. Servs. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1131–32 (9th Cir. 2003); *Menken v. Emm*, 503 F.3d 1050, 1058 (9th Cir. 2007). Recently, the Supreme Court decided *Ford Motor Co. v. Montana Eighth Judicial District*, which considered whether specific personal jurisdiction depended on a strict causal connection between the defendant's conduct and the forum state.  141 S. Ct. 1017 (2021).

The Court held that it does not. Instead, the Court explained that the oft-cited phrase "arise out of or relate to the defendant's contacts with the forum," contained two disjunctive parts: "The first half of that standard asks about causation; but the back half, after the 'or,' contemplates that some relationships will support jurisdiction without a causal showing." *Id.* at 1026. *Ford* therefore seems to confirm the viability of the but-for test: but-for causation is one way of establishing specific personal jurisdiction, even if not the only way. The Ninth Circuit has agreed with this assessment, albeit in dicta:

> [The defendant] contends that [the plaintiff] "has not adequately shown that the[ ] purported sales to the United States are the 'but for' cause of its harm." This argument is misguided. We clarify that our precedents *permit but do not require* a showing of but-for causation to satisfy the nexus requirement. A narrower test is foreclosed by the Supreme Court's recent decision in *Ford Motor*.

*Ayla, LLC v. Alya Skin Pty. Ltd.*, 11 F.4th 972, 983 n.5 (9th Cir. 2021) (emphasis added) (citations omitted).

Applying the but-for test here, the Court finds that Defendant Biegler's receipt of FDA clearance is a but-for cause of Plaintiffs' claims. Although Defendant Biegler rightly points out that there is no evidentiary support for this assertion, (Doc. 60 at 6), Defendant Biegler places too heavy a burden on Plaintiffs, who must merely establish a prima facie case of but-for causation. *Harris Rutsky & Co.*, 328 F.3d at 1129; *cf. Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 191 (2009) (Breyer, J., dissenting) (noting that often, outside the "typical tort plaintiff," but-for causation requires "a hypothetical inquiry about what would have happened if [a party's] thoughts and other circumstances had been different"). Plaintiffs describe in detail, with multiple exhibits, the § 510(k) process for both the P-Stim and Stivax devices. (Doc. 1 at 9–13); (Docs. 1-2, 1-3, 1-5.) Plaintiffs clearly put FDA's characterization of the Stivax device at the heart of this case by noting that "neither the premarket notification of intent to market nor [the] FDA declared the Stivax device as an implantable . . . pain management device," even though it was represented as one to Plaintiffs. (Doc. 1 at 3, 13, 28, 34.) Because, therefore, the Stivax device "[was] not an

implantable medical device but merely a percutaneous electro-acupuncture device," it was "ineligible for reimbursement by health insurance payors and Medicare," which was "*the primary fraud* fueling the Stivax Coding Scheme." (Doc. 1 at 4–5 (emphasis added).) That is sufficient to establish a prima facie case here, regardless of Defendant Biegler's dubious suggestion that it did not actually need FDA clearance to sell the Stivax device in the United States. (Doc. 60 at 5–6).[1] Defendant Biegler's Motion is denied on this ground.

To the extent that Defendant Biegler argues that the but-for test should be measured in relation to its wrongful conduct as opposed to its forum contacts, this argument is likewise incorrect. Courts in the Ninth Circuit routinely characterize the but-for test as one between the defendant's "forum-related activities" and the plaintiff's claims. *E.g.*, *Ziegler v. Indian River Cnty.*, 64 F.3d 470, 474 (9th Cir. 1995) (holding that "the claims [must] arise out of the defendants' *forum-related activities* (emphasis added)); *Harris Rutsky & Co.*, 328 F.3d at 1131–32 (stating the test as "whether the claims made against [the defendant] arise out of their *California-related activities*" (emphasis added)); *Ballard*, 65 F.3d at 1500 (noting that the relevant question was "but for [the defendant's] *contacts* with the United States and California, would [the plaintiff's] claims against the [defendant] have arisen?"); *see also Ford Motor Co.*, 141 S. Ct. at 1026 (stating that the lawsuit must "arise out of or relate to the defendant's *contacts with the forum*" (emphasis added) (quoting *Bristol-Myers Squibb Co. v. Superior Ct. of Cal.*, 137 S. Ct. 1773, 1780 (2017))). Even if the Court were to disregard the plain language of these cases, it cannot ignore that even as applied, courts routinely look to the defendant's *contacts*—not their allegedly wrongful conduct—to determine jurisdiction.[2] *E.g.*, *San Diego Cnty. Credit Union v. Citizens Equity First Credit Union*, 325 F. Supp. 3d 1088, 1101 (S.D. Cal. 2018) (holding that an increasing presence in California was sufficient to establish but-for causation as to trademark claims);

---

[1] Nor is the causal connection too attenuated. Although the Court does not question that Defendant Biegler properly sought and received FDA clearance, that does not change the fact that FDA's characterization of the Stivax device as an electro-acupuncture device is a major issue, or "the primary fraud," in this lawsuit. (Doc. 1 at 4–5.)

[2] Defendant Biegler is of course free to challenge the nexus between its alleged wrongful conduct and the plaintiffs' claims when litigating the claims on their merits. A Rule 12(b)(2) motion, however, is the improper vehicle to make such a challenge.

- 4 -

*Senne v. Kan. City Royals Baseball Corp.*, 105 F. Supp. 3d 981, 1042 (N.D. Cal. 2015) (holding that plaintiffs who were specifically recruited by the defendants' recruiters in the forum state had established but-for causation as to plaintiffs' wage and hour claims); *Def. Training Sys. v. Int'l Charter Inc.*, 30 F. Supp. 3d 867, 884–83 (D. Alaska 2014) (obtaining a contracting partner in Alaska and receiving subcontract was sufficient to establish but-for causation as to plaintiff's tort claims); *Patterson v. Home Depot, USA, Inc.*, 684 F. Supp. 2d 1170, 1186 (D. Ariz. 2010) (establishing an American subsidiary and licensing that subsidiary to market a product is sufficient to establish but-for causation as to design defect claims); *Elecs. Recyclers Int'l, Inc. v. Calbag Metals Co.*, No. 1:14–CV–01352–KJM–SMS, 2015 WL 1529490, at *4 (E.D. Cal. Apr. 2, 2015) (holding that defendant's solicitation of contract established but-for causation as to plaintiff's contract and tort claims). Though many cases may exist wherein the alleged wrongful conduct and the forum contacts are one and the same, precedent makes clear that this is not the only way to establish specific personal jurisdiction. Defendant Biegler's Motion is denied.

## CONCLUSION

Because Plaintiffs have sufficiently alleged a prima facie case of personal jurisdiction under Rule 4(k)(2), Defendant Biegler's Motion for Reconsideration is denied. Plaintiffs have adequately shown that Defendant Biegler purposefully availed itself of U.S. law, (Docs. 52, 58), and that that purposeful availment was a but-for cause of Plaintiffs' claims. As previously ordered, the Court's exercise of jurisdiction is reasonable. (Doc. 52.)

**IT IS HEREBY ORDERED** that Defendant Biegler GmbH's Motion for Reconsideration of the Court's March 28, 2022 Order Denying Motion to Dismiss (ECF #52) (Doc. 57) is **DENIED**.

Dated this 26th day of May, 2022.

G. Murray Snow
Chief United States District Judge